UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MACDERMID PRINTING SOLUTIONS, LLC, | : | Case No. 3:15-cv-00320 (MPS) |
|    Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| E.I. DU PONT DE NEMOURS & CO., | : | |
|    Defendant. | : | May 21, 2015 |

_____

**ORDER STAYING CASE**

Plaintiff MacDermid Printing Solutions, LLC ("MacDermid") is suing defendant E.I. du Pont de Nemours & Company ("DuPont") for breach of a 2008 settlement and indemnification agreement between DuPont and non-party Cortron Corporation ("Cortron"), arguing that DuPont owes obligations to MacDermid, as a third-party beneficiary under the agreement, to satisfy a $64,670,821 judgment entered against Cortron in favor of MacDermid in a prior case before this Court (*MacDermid Printing Solutions LLC v. Cortron Corporation*, 3:08-cv-01649 (MPS) (D. Conn. 2015)). DuPont has filed a motion (ECF No. 21) asking this Court, among other things, to dismiss or stay this case because a case filed a day earlier raising the same issues—a declaratory judgment action filed by DuPont—is currently pending before the U.S. District Court for the District of Delaware (*E.I. du Pont de Nemours & Co. v. MacDermid Printing Solutions, LLC*, 1:15-cv-00280 (SLR) (D. Del.)). For the following reasons, this Court, while reserving judgment on the motion, will stay the case provisionally, pending a determination by the District Court in Delaware as to which case should proceed.

"[W]hen a case is brought in one federal district court [and the complaint] embraces essentially the same transactions as those in a case pending in another federal district court . . .

the second court may be bound to stay its consideration of an action in deference to the first-filed proceedings." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 722-23 (2d Cir. 2010). "While the decision whether or not to stay or dismiss a proceeding rests within a district judge's discretion, normally [s]ound judicial discretion dictates that the second court decline its consideration of the action before it until the prior action before the first court is terminated . . . ." *Id.* at 723 (quotation marks omitted). "The rule is inapplicable when there are special circumstances" such as "manipulative or deceptive behavior on the part of the first-filing plaintiff," or when "the balance of convenience favors the second-filed action" which "is determined by considering the same factors considered in connection with motions to transfer venue." *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (quotation marks omitted). "Trial efficiency and the interest of justice are important factors in a [venue] transfer analysis, and may be determinative in a particular case." *Liberty Mut. Ins. Co. v. Fairbanks Co.*, 17 F. Supp. 3d 385, 397 (S.D.N.Y. 2014).

  The complaint in the Delaware case was filed in state court on March 3, 2015, and removed to Delaware federal district court on March 30, 2015. It embraces essentially the same transactions and issues as the complaint in this case, which was filed on March 4, 2015. The Delaware action is therefore the first-filed action. *Manufacturers Hanover Trust Co. v. Palmer Corp.*, 798 F. Supp. 161, 166 (S.D.N.Y. 1992) (holding that as to "whether the state filing date or the date of removal is the date to look to under the first-filed rule . . . there is ample authority for the proposition that the state court filing date is the relevant benchmark").

  This Court declines to decide at this point whether this case should proceed under an exception to the first-filed rule. There may well be a basis for an exception, for example, because the balance of convenience and interests of efficiency—particularly in light of this Court's

familiarity with the complex, lengthy history of disputes among MacDermid, DuPont, and Cortron—favor this Court as a venue. But the District Court in Delaware has already been presented with a motion (filed May 6, 2015) to dismiss or stay its case or transfer it here, and this Court should ordinarily defer to the determination by that court, where the first-filed action is pending, as to whether to apply an exception to the first-filed rule. *MSK Ins., Ltd. v. Employers Reinsurance Corp.*, 212 F. Supp. 2d 266, 268 n.5 (S.D.N.Y. 2002) ("[T]he court in which the first-filed case was brought decides the question of whether or not the first-filed rule, or, alternatively, an exception to the first-filed rule applies."); *accord Silver Line Bldg. Products LLC v. J-Channel Indus. Corp.*, 12 F. Supp. 3d 320, 328-29 (E.D.N.Y. 2014); *Tucker v. Am. Int'l Grp., Inc.*, 728 F. Supp. 2d 114, 124 (D. Conn. 2010); *see also Interwood Mktg. Ltd. v. Media Arts Int'l, Ltd.*, No. 90 CIV. 4690 (LBS), 1990 WL 209432, at *5 n.3 (S.D.N.Y. Dec. 12, 1990) ("Part of the rationale for the first filed rule is the promotion of comity between the federal district courts. While a court with jurisdiction over a later filed action may have the power to enjoin prosecution of an earlier action . . . this Court believes that the more prudent course is for the court with jurisdiction over the first filed action to decide whether to yield priority to the later action. This approach would promote comity and avoid duplication of effort by the two fora.").

This action is therefore STAYED until the District Court in Delaware has ruled on whether to proceed with, dismiss, stay, or transfer its case. *See, e.g.*, *Silver Line Bldg. Products*, 12 F. Supp. 3d at 329 ("Because the Court defers to the Eastern District of Tennessee, the Court stays this action pending the Eastern District of Tennessee's decision on Silver Line's motion to transfer the Tennessee Action."); *MSK Ins.*, 212 F. Supp. 2d at 268 ("This action is hereby stayed pending resolution by the Kansas court of the issue of whether this action or the Kansas action

shall proceed."). Within seven days after the District Court in Delaware issues its ruling, the parties shall jointly file a notice on this docket with a copy of the ruling attached.

**SO ORDERED** this 21st day of May 2015 at Hartford, Connecticut.

                                                  /s/
                                         Michael P. Shea
                                         United States District Judge